Elizabeth Seidlin-Bernstein
Noah Robbins (*pro hac vice* forthcoming)
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.665.8500
seidline@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RESERVOIR MEDIA MUSIC, ALMO MUSIC CORPORATION, UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., and RAY VAUGHAN MUSIC, INC., | : : : : : : | Civil Action No. |
| Plaintiffs, | : : | **COMPLAINT** |
| v. | : : : | |
| CAPE MANAGEMENT COMPANY LLC, CURTIS BASHAW, and CRAIG D. WOOD, | : : : : | |
| Defendants. | : | |

Plaintiffs, by their undersigned attorneys, allege:

1. Plaintiff Reservoir Media Music has a principal place of business located at 200 Varick Street, Suite 801A, New York, New York 10014. Plaintiff Almo Music Corporation has a principal place of business located at 2100 Colorado Avenue, Santa Monica, California 90404. Plaintiff Universal Polygram International Publishing, Inc. has a principal place of business located at 2100 Colorado Avenue, Santa Monica, California 90404. Ray Vaughan Music, Inc. has a principal place of business located at 2850 Ocean Park Boulevard, Suite 300, Santa

Monica, California 90405.  On information and belief, Defendant Cape Management Company LLC has a principal place of business located at 251 Beach Drive, Cape May, New Jersey 08204.  On information and belief, Defendant Curtis Bashaw resides at 29 Perry Street, Cape May, New Jersey 08204.  On information and belief, Defendant Craig D. Wood resides at 375 Greenwich Street, Floor 3, New York, NY 10013.

2. This is a suit for copyright infringement under Title 17 of the United States Code.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

4. Plaintiffs alleged four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.  SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

5. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

6. On information and belief, defendant Cape Management Company, LLC ("CMC") is a limited liability company organized under the laws of New Jersey.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

2

7. At all times hereinafter mentioned CMC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Congress Hall Hotel, located at 200 Congress Place, Cape May, New Jersey 08204.

8. Musical compositions were and are publicly performed at Congress Hall Hotel.

9. On information and belief, defendant Curtis Bashaw ("Bashaw") is an individual who resides and/or does business in this District.

10. On information and belief, defendant Craig D. Wood ("Wood" and, together with CMC and Bashaw, the "Defendants") is an individual who resides and/or does business in this District.

11. At all times hereinafter mentioned, Bashaw and Wood were, and still are, owners, officers, directors, and/or members of CMC.

12. At all times hereinafter mentioned, Bashaw and Wood were, and still are, responsible for the control, management, operation and/or maintenance of the affairs of CMC.

13. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Congress Hall Hotel, including the right and ability to supervise and control the public performance of musical compositions at Congress Hall Hotel.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Congress Hall Hotel.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
## PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

15. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 980,000 songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. For the period January 1, 2012, through December 31, 2023, Cape Management Operations Company, LLC, ("CMOC"), a predecessor corporation of defendant CMC, entered into a license agreement with ASCAP for Congress Hall Hotel.

18. CMOC's ASCAP license expired on December 31, 2023, upon written notice.

19. Since the expiration of CMOC's ASCAP license, ASCAP representatives have attempted to contact the Defendants, or their representatives, agents, or employees, to offer a new ASCAP license for Congress Hall Hotel, upon payment of the outstanding fees owed under the previous ASCAP license agreement.

20. ASCAP's numerous communications offering Defendants a new ASCAP license for Congress Hall Hotel gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Congress Hall Hotel constitute copyright infringement.

21. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Congress Hall Hotel, including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment.

22. The many unauthorized performances at Congress Hall Hotel include the four copyrighted musical compositions upon which this action is based.

23. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

24. The original musical composition involved in cause of action one and two were registered as unpublished works on the dates state in Column 5, and since the date of registration, has been printed and published in conformity with Title 17 of the United States Code.

25. The original musical composition involved in cause of action three and four were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

26. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

27. The original musical composition involved in causes of action one, two and three are now in the renewal term of copyright, secured by the due filing of applications for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon

issued Certificates of Registration of the claims of the renewal of copyright in the name of the claimants listed in Column 7. The date and identification number of the renewal certificates are set forth in Column 8.

28.    Defendants, on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Congress Hall Hotel, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

29.    The public performances at Congress Hall Hotel of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

30.    In the undertaking conduct complained of in this action, Defendants knowingly and intentionally violated plaintiffs' rights.

31.    At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

32.    The said wrongful acts of the Defendants have caused and are causing great injury to the Plain-tiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions to be publicly performed at Congress Hall Hotel, or in any place owned, controlled, managed, maintained, or operated by Defendants, and/or from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated: March 3, 2025

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Elizabeth Seidlin-Bernstein*
Elizabeth Seidlin-Bernstein
Noah Robbins (*pro hac vice* forthcoming)
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Fax: 215.864.8999
seidline@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Plaintiffs*